UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

**JOHN DOE,**

    *Plaintiff,*

**Case No:**

v.

**UNIVERSITY OF NOTRE DAME,**

    *Defendant.*

---

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

FACTUAL BACKGROUND ................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

CONCLUSION ......................................................................................................................... 7

CERTIFICATE OF SERVICE ................................................................................................. 8

# TABLE OF AUTHORITIES

### Cases

*Doe 3 v Elmbrook Sch Dist*, 658 F3d 710 (CA 7, 2011) ............................................2

*Doe v Ind Black Expo*, 923 F Supp 137 (SD Ind, 1996).........................................2, 3

*Doe v. Brandeis Univ.*, 177 F. Supp. 3rd 561, 602 (D. Mass. 2016).........................6

*Doe v. Brandeis*, No. 1:15-cv-11557-FDS (D. Mass. June 17, 2015).......................4

*Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) ......................................2

*Doe v. City of Indianapolis*, No. 1:12-cv-0062-TWP-MJD, 2012 U.S. Dist. LEXIS 24686, at *3 (S.D. Ind. Feb. 27, 2012) ....................................................................3

*Doe v. Colgate Univ.*, No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *5 (N.D.N.Y. Apr. 12, 2016).........................................................................4

*Doe v. Rector & Visitors of George Mason Univ.*, 149 F. Supp. 3d 602, 613 (E.D. Va. 2016) ...................................................................................................................6

*Doe v. Swarthmore Coll.*, No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014) .............4

*Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) ..................4

*Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016).....................................5

### Rules

Fed. R. Civ. P. 10 .........................................................................................................2

Plaintiff John Doe respectfully submits this Motion to proceed under pseudonyms pursuant to Federal Rule of Civil Procedure 10(a) and this Court's inherent authority to protect the privacy interests of litigants. This contract action arises from allegations of sexual misconduct.

Given the highly sensitive nature of the allegations, Plaintiff seeks leave to proceed under a pseudonym.

## FACTUAL BACKGROUND

Plaintiff was a student at the University of Notre Dame who completed all academic requirements for a Bachelor of Arts degree in Political Science. Plaintiff was charged with one count of felony voyeurism and one count of felony public voyeurism relating to incidents involving his roommate. Plaintiff admitted to taking photos of his roommate without consent but denied allegations of inappropriate touching. Plaintiff explained that his actions stemmed from struggles with his sexual identity and mental health issues, for which he was actively seeking counseling and treatment.

After a hearing, Notre Dame found Plaintiff responsible for Sexual Harassment and Other Sex-Based Misconduct but explicitly declined to find him responsible for Fondling. The University imposed permanent dismissal and denied conferral of Plaintiff's degree despite his having already completed all academic requirements for graduation.

## ARGUMENT

Federal Rule of Civil Procedure 10(a) establishes the general requirement that complaints must state the names of all parties. However, under certain circumstances, district courts may exercise their discretion to allow parties to proceed under pseudonyms by granting a protective order. Fed. R. Civ. P. 10. This exception recognizes that in some cases, a party's privacy interests may justify deviation from the presumption of openness in judicial proceedings.

The Seven Circuit has provided that "the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party requesting anonymity] ... exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). The decision whether to permit parties to proceed anonymously is "left within the discretion of the district court." *Doe 3 v Elmbrook Sch Dist*, 658 F3d 710 (CA 7, 2011).

"Courts dealing with requests to proceed under fictitious names have avoided trying to articulate any mechanical legal test." *Doe v Ind Black Expo*, 923 F Supp 137 (SD Ind, 1996). Because "[t]here is no simple formula" for determining when to allow the use of pseudonyms, the courts have identified "a number of factors that should be considered to determine whether a plaintiff's interest in privacy is so significant as to outweigh the strong presumption favoring public identification of

2

litigants." *Id.* at 139-40. These include the following non-exclusive factors: "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; (5) whether the party defending against a suit brought under a pseudonym would be prejudiced; (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system." *Doe v. City of Indianapolis*, No. 1:12-cv-0062-TWP-MJD, 2012 U.S. Dist. LEXIS 24686, at *3 (S.D. Ind. Feb. 27, 2012); *Indiana Black Expo*, 923 F. Supp. at 140.

"[A] judge presented with a request to proceed under a fictitious name should carefully review all the circumstances of a given case and then decide 'whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Id.*.

With respect to the *City of Indianapolis* factors, the first and third factors are not applicable to this case, as Plaintiff is not challenging governmental activity and he will not be compelled to admit an intention to engage in illegal conduct as the criminal proceeding has concluded. All of the other *City of Indianapolis* factors apply to this case and weigh in favor of allowing Plaintiff to proceed anonymously.

3

With respect to the second factor, this litigation will require disclosure of information of the "utmost intimacy," including highly sensitive, personal information concerning Plaintiff's sexual identity, allegations of sexual misconduct, and the University's decision finding Plaintiff responsible for the allegations.

Other courts have allowed student-plaintiffs, like Plaintiff, who have brought lawsuits against colleges and universities stemming from sexual misconduct proceedings to use pseudonyms. See *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding magistrate's order granting pseudonym motion where plaintiff, a college male, was found responsible for sexually assaulting a female classmate); *Doe v. Colgate Univ.*, No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *5 (N.D.N.Y. Apr. 12, 2016) (holding that student bringing suit against his university challenging its investigation and finding of sexual misconduct can proceed anonymously after balancing all pseudonym factors); *Doe v. Brandeis*, No. 1:15-cv-11557-FDS (D. Mass. June 17, 2015) (permitting use of pseudonym after weighing factors because student-plaintiff could be subject to "social stigmatization" if his identity were disclosed in lawsuit against university which found him responsible for sexual misconduct); *Doe v. Swarthmore Coll.*, No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014) (granting motion to proceed under pseudonym and finding student-plaintiff's application of pseudonym factors to his case "compelling").

4

Plaintiff's lawsuit also involves highly sensitive and private information concerning his mental health, sexual identity, and therapeutic treatment and recovery.

The Seventh Circuit has disapproved in dictum the grant of pseudonym motions for claims involving medical and psychiatric information. *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). However, those concerns are not applicable here, because Plaintiff's psychiatric condition was directly linked to the sexual misconduct charges.

With respect to the risk of injury factor, because Plaintiff seeks redress against the University for its dismissal of Plaintiff from the University after completing all of the education requirements and failing to confer his degree upon him as a result of the Universities handling of serious charges of sexual misconduct. Plaintiff has a reasonable fear that he would suffer retaliatory mental harm, social stigmatization, and reputational injury if he is denied the opportunity to pursue this action without a pseudonym.

The University itself conducts disciplinary proceedings involving sexual misconduct allegations with the utmost confidentiality, and presumably these privacy protections are in place at least in part to avoid physical or emotional retaliation against students involved in such proceedings.

Further, being charged with and found responsible for sexual misconduct by a prestigious educational institution unquestionably bears a strong social stigma. See *Doe v. Brandeis Univ.*, 177 F. Supp. 3rd 561, 602 (D. Mass. 2016) (a "student who is found responsible for sexual misconduct will likely face substantial social and personal repercussions"); *Doe v. Rector & Visitors of George Mason Univ.*, 149 F. Supp. 3d 602, 613 (E.D. Va. 2016) (noting that a charge of sexual misconduct "plainly calls into question plaintiff's good name, reputation, honor, or integrity") (citation omitted).

With respect to the fifth *City of Indianapolis* factor, there is no risk of prejudice to the University. The University knows the actual identity of Plaintiff, all of Plaintiff's filings in the case will be publicly available, and the University will be entitled to the same full discovery just as if Plaintiff were litigating under this own name. Additionally, permitting Plaintiff to use these pseudonym will benefit the University's interest in maintaining the privacy rights of students who are involved in investigations into charges of sexual misconduct.

With respect to the public interest, although the public has a legitimate interest in the legal issues Plaintiff raises in his complaint, including issues of contractual obligations owed by colleges to accused students in sexual misconduct disciplinary proceedings, the actual identities of the individuals are of minimal importance to the public.

Further, all courtroom proceedings in the case will be open to the public subject to the least intrusive means possible of protecting the identities of the parties and witnesses.

## CONCLUSION

WHEREFORE, Plaintiff requests that this Honorable Court grant his Motion to Proceed Under Pseudonym. The sensitive nature of this case, the risk of substantial harm to Plaintiff, the limited public interest in disclosure, and the lack of prejudice to Defendant all weigh strongly in favor of allowing Plaintiff to proceed as "John Doe."

Dated: January 26, 2026                Respectfully Submitted,

Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
30474 Fox Club Drive
Farmington Hills, Michigan 48331
(248) 987-8929
keithaltman@kaltmanlaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on the 26th day of January 2026, the foregoing document was filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Keith Altman*
Keith Altman, Esq.