UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:26-cv-00161-TWP-MJD |
| | ) |
| UNIVERSITY OF NOTRE DAME, | ) |
| | ) |
| Defendant. | ) |

**ORDER TO SHOW CAUSE**

For the reasons explained below, the Court **issues this Order to Show Cause** why this case should not be transferred to the Northern District of Indiana, South Bend Division.

Plaintiff John Doe ("Doe") initiated this action against Defendant University of Notre Dame ("Notre Dame") after Doe was found responsible for sexual misconduct, dismissed from Notre Dame University, and denied a degree.

It appears that Doe has erroneously filed this action in the Southern District of Indiana, instead of the Northern District of Indiana. Notre Dame is located in St. Joseph County, which is embraced by the Northern District of Indiana. The Complaint alleges that "the events relevant to this action occurred primarily within the geographical confines of the Northern District of Indiana." (Filing No. 1 ¶ 6). The Northern District of Indiana is also named in the caption of Doe's Complaint. *Id.* at p.1.

A civil action may be brought in—

(1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404.

Based on the foregoing, the Court intends to transfer this action to the Northern District of Indiana. However, the Court will first afford Doe an opportunity to submit a written position, if any, on the intended transfer. *See Matter of Cont'l Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994) ("[T]he district court should have solicited the parties' submissions before acting, to avoid what has happened in this case—extended disputation, potentially leading to another change of forum."). Doe is therefore **ORDERED to show cause within seven (7) days** from the date of this Entry as to why the Court should or should not *sua sponte* transfer this action to the Northern District of Indiana, South Bend Division. Doe's submission should not exceed **five (5) pages**.

If nothing is filed by the **February 3, 2026** deadline, the Court will transfer this action to the Northern District of Indiana.

**SO ORDERED**.

Date:   1/27/2026

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Keith Altman
The Law Office of Keith Altman
keithaltman@kaltmanlaw.com